UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| SCOTT PONTONE,<br><br>Plaintiff<br><br>vs.<br><br>THE YORK GROUP, INC.,<br><br>MILSO INDUSTRIES CORPORATION,<br><br>and<br><br>MATTHEWS INTERNATIONAL CORPORATION,<br><br>Defendants | **Docket No.**<br><br>08-cv-6314 (WHP)<br><br>**MOTION FOR PRELIMINARY INJUNCTION** |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Scott Pontone respectfully moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure and this Court's equitable powers, for a preliminary injunction prohibiting defendants The York Group, Inc., Milso Industries Corporation, and Matthews International Corporation ("Defendants") and all persons acting on their behalf (1) from seeking to enforce or threatening to enforce the "Restrictions on Competition" and "Non-Solicitation of Customer and Suppliers" sections (the "Restrictive Covenants") set forth in the Second Amendment to the Key Employee Employment Agreement and Asset Purchase Agreement dated May 30, 2007, between Mr. Pontone and defendants (the "2007 Amendment"), (2) from asserting or implying to third parties that by employing or engaging in business with Mr. Pontone that they may be inducing a breach of the Restrictive Covenants, and (3) from suspending or ceasing the bi-weekly payments due to Mr. Pontone under the 2007 Amendment.

1

As grounds for this Motion Mr. Pontone states:

1. The Restrictive Covenants prohibit Mr. Pontone from engaging, directly or indirectly, in the casket manufacturing, sales, and distribution business worldwide for three years.

2. The Restrictive Covenants are on their face invalid and unenforceable under New York law. The Restrictive Covenants are unreasonable and unnecessary to protect any legitimate interest of Defendants and impose an undue burden on Mr. Pontone.

3. The Restrictive Covenants are causing Mr. Pontone irreparable harm. Mr. Pontone has out of caution and in good faith disclosed the Restrictive Covenants to potential business partners who have approached him to pursue new ventures in the casket industry. Those potential partners are unwilling to deal with Mr. Pontone absent assurance that the Restrictive Covenants cannot be enforced, causing him lost profits and lost business opportunities that are difficult to quantify.

4. These lost opportunities also cause injury to third parties, such as Mr. Pontone's sales force and potential customers, who lose the benefits of enhanced competition and consumer choice.

5. In retaliation for this suit, Defendants may cease the bi-weekly payments due to Mr. Pontone. This action would violate the 2007 Amendment and would cause Mr. Pontone irreparable harm by depriving him of the payments that he is due.

As further grounds for this Motion, Plaintiff submits the accompanying Memorandum, declaration and exhibits.

Dated: New York, New York
      July 16, 2008

Respectfully submitted,

_____
Edmund Aronowitz (EA 0542)
Clifford Chance US LLP
31 W 52nd St.
New York, New York 10019
Phone: (212) 878-3378
Fax:    (212) 878-8375
E-mail: edmund.aronowitz@cliffordchance.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 16, 2008, copies of the Plaintiff's Motion for Preliminary Injunction, Memorandum of Law in Support of Motion for Preliminary Injunction and Declaration in Support of Motion for Preliminary Injunction together with attached exhibits were served by first class mail on defendants The York Group, Inc., Milso Industries Corporation, and Matthews International Corporation, each at Two NorthShore Center, Suite 100, Pittsburgh, Pennsylvania 15212.

_____
Edmund S. Aronowitz (EA 0542)
Clifford Chance US LLP
31 W. 52 St.
New York, NY, 10019
Phone: (212) 878-3378
Fax:    (212) 878-8375
E-mail: edmund.aronowitz@cliffordchance.com