

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| SCOTT PONTONE,<br><br>Plaintiff,<br><br>vs.<br><br>THE YORK GROUP, INC.,<br><br>MILSO INDUSTRIES CORPORATION,<br><br>and<br><br>MATTHEWS INTERNATIONAL CORPORATION,<br><br>Defendants. | Docket No.<br><br>08-cv-6314 (WHP) |

### AGREED PROTECTIVE ORDER

For the purposes of facilitating the exchange of information among the parties and avoiding injury to any party through the disclosure of such party's confidential information, and good cause having been shown, the Parties to this matter identified above have agreed and it is Ordered that:

1. All non-public information, including, without limitation, documents, writings, interrogatory responses, video or audio tapes, computer-generated or recorded information in any form, oral or written testimony, declarations, affidavits, depositions or statements, whether or not transcribed or recorded, disclosed or obtained by or from any person, whether or not a party, in response to any discovery request or produced voluntarily in lieu of such discovery (hereinafter "Information") shall be used only for the purpose of this proceeding and not for any other purpose.

2. The term "Designating Party" shall mean the person who produces the Information. The Designating Party may designate any Information as "Confidential Information" to the extent that it believes in good faith that such Information constitutes, contains or would disclose proprietary business information, trade secret or other commercial or financial information, or confidential personal information which is otherwise not publicly available and which, if disclosed to the public, would present the likelihood of generating harm to the Designating Party.

3. Confidential Information shall include any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information.

4. The Designating Party may designate documents and things containing Confidential Information by marking the respective pages of the document, and where appropriate, the entire document produced, with the legend "CONFIDENTIAL." The Designating Party may designate deposition testimony as Confidential Information by so stating at the time of the deposition and by so designating within 30 days after receipt of the final deposition transcript. The parties shall make every reasonable effort to mark every document and thing containing Confidential Information with this legend, but the inadvertent failure to mark the legend on the document or thing, where notice has otherwise been given that it is "Confidential," shall not except it from the provisions of this Order.

5. No Confidential Information shall be disclosed to anyone other than the following:

a. lawyers (including in-house and outside counsel) for plaintiffs, defendants and, provided they agree in writing to be bound by the terms of this order, their paralegal, clerical and secretarial employees engaged in the conduct of this action;

b. plaintiffs and defendants, including the directors, officers and employees of the parties, to the extent they are involved in the prosecution or defense of this action;

c. non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in the prosecution, defense, settlement or other disposition of this action who agree in writing to be bound by the terms of this order;

d. court reporters and court personnel, including stenographic reporters engaged in proceedings incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers;

e. a witness at any deposition or other proceeding in this action and counsel for that witness present at the deposition;

f. third-party contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this proceeding, including the performance of such duties in relation to a computerized proceeding support system and who agree in writing to be bound by the terms of this order; and

g. any person or entity as to whom the Court, after notice to all parties, allows such disclosure;

6.  Copies of all written agreements to be bound by the terms of this Order, which shall be substantially in the form attached at Schedule A, shall be maintained by counsel for the party making the disclosure.

7.  Parties must obtain leave of this Court before filing any document under seal. Any party making a submission to the Court of a document, memorandum, brief, deposition, transcript, or other item containing Confidential Information shall seek leave of this Court to file the document under seal. If leave is granted, the parties must file redacted copies with the Clerk of the Court.

8.  Nothing in this Order shall impose any restrictions on the use or disclosure by a party of its own Information, including Confidential Information as it deems appropriate.

9.  The inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A party may request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, the possessing party shall within ten (10) days (a) destroy or return to the requesting party the claimed Inadvertently Produced Privileged Document; or (b) move the Court for an order declaring that the possessing party need not destroy or return to the requesting party the claimed Inadvertently Produced Privileged Document.

10. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon

learning of such disclosure, inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the Confidential Information and to prevent the occurrence of any further disclosure unauthorized by this Order.

11. This Order shall be without prejudice to the right of the parties to (a) bring before the Court at any time the question whether any information is properly classified as Confidential Information, or whether its use should be restricted in any way; (b) present a motion to the Court to either quash a subpoena or issue a separate protective order foreclosing certain discovery; (c) seek relief from specific provisions of this Order; (d) seek relief from application of this Order to any particular circumstance; (e) seek further or additional Protective Orders; or (f) seek modification of this Order. Any such application shall be upon reasonable notice, pursuant to the Court's established procedures regarding discovery disputes.

12. A party shall not be obligated to challenge the propriety of the confidentiality designation of any information and/or material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. The burden of proving that information and material has been properly designated under this Order is on the person or entity making such designation.

13. This Order shall not be construed to apply to any material and/or information that: (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that receiving party independently of any disclosure by a designating party or nonparty.

14.  If a party inadvertently fails to designate as "Confidential" material and/or information, when producing or otherwise disclosing such material and/or information, it shall not be deemed a waiver in whole or in party of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is informed by the producing party that it is designating previously produced material as "Confidential," the information must be treated as if it had been timely designated as such under this Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information as well as any copies made by such persons.

15.  If, at any time, any Confidential Information in the possession, custody or control of any person other than the person who originally produced such Information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity to produce or disclose such Information (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) shall immediately provide written notice to the person who originally produced such Information, which notice shall include a copy of the subpoena or request and the date set for the production of the Subpoenaed Information, and (b) shall not produce the Subpoenaed Information prior to the date set forth in the notice or, having been served with a motion to quash or modify the subpoena or requests, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not excused or enjoined, the Subpoenaed Party may comply with the subpoena or request in the manner required so as to avoid any citations for contempt.

16.  This Order is entered solely for the purpose of facilitating the pre-trial exchange of Information between the parties to the action without the need for intervention by the Court.

Nothing in this Order, nor the production of any Information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any Information. Nor shall compliance with this Order operate as an admission as to the admissibility of any Information at trial.

17. The terms of this Order shall be binding upon the parties identified in the caption to this Order immediately upon execution by their undersigned counsel, it being the parties' intention for this Order to operate as an Agreement, secure protection for their Confidential Information, and facilitate expeditious discovery in this matter.

18. This Order shall be binding upon any later-added parties and their counsel after entry of this Order by the Court.

19. Upon the final determination, settlement, or other disposition of this proceeding, including any appeals, all Confidential Information disclosed to or received by any party to this action, or any person authorized to receive Confidential Information (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter) shall be returned to the party who provided the Confidential Information, or shall be destroyed by counsel for the party in possession of such Confidential Information, at such counsel's option. Counsel in possession of such Confidential Information shall certify in writing that it has been returned or destroyed in accordance with this paragraph.

20. This Order, and the Court's jurisdiction over any use or misuse of Confidential Information subject to the provisions of this Order, or any other violation thereof, shall survive the final termination of this action.

7

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

8/7/08

Dated: New York, New York
       August 1, 2008

AGREED:

_____
Edmund Aronowitz (EA 0542)
Clifford Chance US LLP
31 W 52nd St.
New York, New York 10019
Phone: (212) 878-8000
Fax:   (212) 878-8375
E-mail:
edmund.aronowitz@cliffordchance.com

Stephen M. Nickelsburg (_____)
Clifford Chance US LLP
2001 K Street NW
Washington, DC 20006
Phone: (202) 912-5000
Fax:   (202) 912-6000
E-mail:
steve.nickelsburg@cliffordchance.com

*For themselves and for
Plaintiff Scott Pontone*

_____
John H. Doyle, Esq.
Steven Cooper, Esq.
Lawrence J. Reina, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212-521-5400
Fax: 212-521-5450

*For themselves and for Defendants
The York Group, Inc., Milso Industries
Corporation and Matthews International
Corporation*

SO ORDERED: _____       Date: _____
            Hon. William H. Pauley
            United States District Judge

8

## Schedule A

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| SCOTT PONTONE,<br><br>Plaintiff,<br><br>vs.<br><br>THE YORK GROUP, INC.,<br><br>MILSO INDUSTRIES CORPORATION,<br><br>and<br><br>MATTHEWS INTERNATIONAL CORPORATION,<br><br>Defendants. | **Docket No.**<br><br>08-cv-6314 (WHP) |

### AGREEMENT CONCERNING
### CONFIDENTIAL INFORMATION

1. I hereby acknowledge that I have read the Agreed Protective Order ("Confidentiality Agreement and Order") entered into between the parties to this action and entered by the Court, understand its terms, agree to be bound by each of those terms, and agree to subject myself personally to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcing its terms.

2. Specifically, and without limitation upon such terms, I agree not to use or disclose any Confidential Information (as defined in the Confidentiality Agreement and Order) made available to me other than in accordance with the Confidentiality Agreement and Order.

3. I represent that I have advised all office associates, paralegals, and/or other clerical employees of their duties and responsibilities to abide by the terms and conditions of the Confidentiality Agreement and Order prior to providing them with access to any Confidential

Information, and I understand that I am responsible for any violation or breach of the Confidentiality Agreement by such office associates, paralegals and/or other clerical employees.

4. I agree to take, or cause to be taken, all necessary precautions to prevent disclosure of materials provided under the Confidentiality Agreement and Order, including but not limited to physically securing, safeguarding and restricting access to the material subject to the Confidentiality Agreement and Order. The confidentiality of material provided under the Confidentiality Agreement and Order shall be maintained in perpetuity.

5. I understand that the violation of any of the terms of the Confidentiality Agreement and Order may subject me to legal penalties.

Dated: _____       _____
                                    Signature

                                    _____
                                    Print Name